# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* A.Y.

No. 20-0022 (Wood County 18-JA-196)

**FILED**

**September 23, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.Y., by counsel Justin M. Raber, appeals the Circuit Court of Wood County's December 19, 2019, order following the termination of his parental rights to A.Y.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Jessica Myers, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period, terminating his parental rights upon insufficient evidence, and failing to impose the least-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2018, the DHHR filed an abuse and neglect petition alleging that petitioner's parental rights to an older child were involuntarily terminated in a prior proceeding because of his failure to protect the older child from abuse and neglect related to substance abuse.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]The petition included in the appendix record on appeal does not clearly set forth the specific procedural history of the prior termination of petitioner's parental rights, though it does set forth a detailed account of the conditions of abuse and neglect that resulted in that prior

(continued . . .)

1

In regard to A.Y., the DHHR alleged that petitioner's failure to remedy the conditions of abuse and neglect from the prior proceeding constituted abuse and/or neglect to that child. Specifically, the DHHR alleged that the child's mother's rights to an older child were previously involuntarily terminated due to substance abuse and, despite the persistence of this substance abuse, petitioner continued his relationship with the mother. Following the petition's filing, the matter was continued several times due to issues regarding service of the petition. Ultimately, petitioner stipulated to the allegations against him at an adjudicatory hearing in September of 2019.

Thereafter, petitioner filed a motion for a post-adjudicatory improvement period. During hearings in October of 2019 and November of 2019, the circuit court heard evidence in relation to both the motion for an improvement period and disposition. Specifically, the circuit court heard evidence related to petitioner's continued failure to remedy the conditions of abuse and neglect that persisted across two separate proceedings. In the prior proceeding, petitioner was required to have no contact with the mother, given that her substance abuse posed a threat to petitioner's older child's wellbeing. However, petitioner continued his relationship with the mother and lied to the circuit court and the multidisciplinary team about that contact. As a result, his parental rights to his older child were involuntarily terminated. During the dispositional hearings in this matter, petitioner acknowledged that his parental rights to his older child were terminated because of his continued relationship with the mother and his dishonesty about that relationship. However, petitioner deflected his responsibility for these issues and blamed the DHHR for the termination of his parental rights. Petitioner additionally indicated that he no longer had contact with the mother, but a witness testified to having seen them together on at least two separate occasions. Petitioner denied having been with the mother, although he admitted that he previously testified in the prior proceeding that he would not end his relationship with the mother even if it jeopardized his parental rights. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination of his parental rights was in the child's best interests. As such, the circuit court terminated petitioner's parental rights to the child.[3] The circuit court then held a hearing regarding petitioner's request for post-termination visitation, after which it denied such visitation upon finding that it was not in the child's best interests. It is from the circuit court's December 19, 2019, order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing

termination. While it is unclear, exactly, when petitioner's parental rights to this older child were terminated, the parties agree that the basis for the petition related to A.Y. was the prior termination of petitioner's parental rights to an older child and his failure to remedy those conditions of abuse and neglect.

[3]The mother's parental rights were also terminated below. According to respondents, the permanency plan for the child is adoption in the current foster home.

court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

As a threshold matter, it is important to address the fact that all of petitioner's assignments of error can be resolved by the following:

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). While petitioner argues that he acknowledged the conditions of abuse and neglect by virtue of his stipulation, the record does not support this assertion. In fact, the record shows that petitioner was given the opportunity to acknowledge these conditions across two separate abuse and neglect proceedings, yet failed to appreciate the danger that the child's mother's substance abuse posed. During the prior proceeding, petitioner was dishonest with the circuit court and the parties regarding his continued relationship with the mother and admitted that he would continue that relationship despite knowing that it could result in the termination of his parental rights to an older child. In the current matter, petitioner testified that he ended his relationship with the mother, but eyewitness testimony established that the two were together on at least two separate occasions. Given petitioner's past dishonesty regarding his relationship with the mother, the circuit court was free to weigh this evidence and find that petitioner's self-serving testimony lacked credibility. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). As such, we decline to disturb any such credibility determinations on appeal.

Turning to petitioner's first assignment of error, we find no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period. Given that petitioner failed to acknowledge the conditions of abuse and neglect that resulted in the petition's filing, it is clear that an improvement period was not warranted. This is especially true in light of the fact that circuit courts are afforded discretion in the granting of such improvement periods. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("The circuit court has the discretion to refuse to grant an improvement period when no improvement is likely."). As set forth above, failure to acknowledge the existence of the conditions of abuse and neglect makes an improvement period futile. While petitioner argues that he should have been entitled to an improvement period because

3

he followed the circuit court's prohibition against contact with the mother, the record simply does not support this assertion. Thus, we find no error in this regard.

Next, petitioner argues that termination of his parental rights was erroneous because there was insufficient evidence to establish that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected. However, petitioner fails to cite to any evidence that would cause this Court to call the circuit court's finding on this issue into question. Instead, petitioner argues that the circuit court made insufficient findings to support this conclusion. We disagree, and note that the evidence overwhelmingly supports the conclusion that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Put succinctly, the evidence below showed that petitioner's parental rights to an older child were involuntarily terminated in a prior proceeding because of his failure to protect the child from the mother's substance abuse and his continued relationship with her. The evidence in the current matter shows that petitioner continued this relationship. According to West Virginia Code § 49-4-604(d)(3), a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future includes when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the evidence showed that petitioner failed to undertake efforts to participate in remedial services, given that his dishonesty about his continued relationship with the mother and his failure to acknowledge the danger that relationship posed to the children prevented his meaningful participation. As such, we find no error.

Petitioner further argues that because he shared a strong emotional bond with the child, who was removed from his care at birth, the circuit court should have imposed a less-restrictive dispositional alternative. According to petitioner, he established this bond by visiting regularly with the child, but he cites to no evidence in support of this assertion. We find petitioner's argument unavailing, especially in light of the fact that "[o]ur cases indicate that a close emotional bond generally takes several years to develop." *In re Alyssa W.*, 217 W. Va. 707, 711, 619 S.E.2d 220, 224 (2005). Rather than supporting his position regarding a less-restrictive dispositional alternative, the child's young age supports the circuit court's finding that termination of petitioner's parental rights was necessary for the child's welfare and in order to achieve permanency. *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4 ("[C]hildren under the age of three years . . . are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements.").

According to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights upon finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and that termination is necessary for the child's welfare. Given the analysis above regarding the circuit court's findings on these issues, it is clear that termination of petitioner's parental rights was not in error. Moreover, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less

restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find that the circuit court did not err in terminating petitioner's parental rights.[4]

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 19, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: September 23, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[4]In support of this assignment of error, petitioner asserts that "no consideration was given to allow visitation between the [p]etitioner and the minor child." Petitioner then cites the following:

> "When parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, *In re Daniel D.*, 211 W. Va. 79, 562 S.E.2d 147 (2002). Petitioner fails to acknowledge, however, that the circuit court convened a hearing for the sole purpose of considering whether post-termination visitation was appropriate. In short, petitioner cites to no evidence that continued contact with him would be in the child's best interests. Given the child's young age and taking into consideration the child's best interests, we find no error in the circuit court's denial of petitioner's request for post-termination visitation.